UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DON VALLANCE,

        Petitioner,

vs.                                              Case No. 06-CV-15083
                                                  HON. GEORGE CARAM STEEH

DOUG VASBINDER,

        Respondent.

_____/

ORDER ACCEPTING JULY 31, 2009 REPORT AND RECOMMENDATION (# 10)
DISMISSING PETITION FOR HABEAS CORPUS UNDER § 2254
AND DENYING CERTIFICATE OF APPEALABILITY

      Robert Vallance, a state prisoner appearing pro per, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 on January 14, 2006. Following a jury trial in Michigan state court, petitioner was convicted on August 3, 2001 of possession of methamphetamine, M.C.L. § 333.7403(2)(b); operating or maintaining a methamphetamine laboratory near a specified place, M.C.L. § 333.7401c(2)(d); maintaining a drug house, M.C.L. § 333.7405(1)(d); and possession of a firearm during the commission of a felony, M.C.L. § 750.227b. Petitioner was sentenced to 15-35 years imprisonment on each of the methamphetamine and laboratory convictions, and 4-15 years imprisonment on the drug house conviction, all consecutive to a two–year mandatory term on the felony firearm conviction.

      In his petition, petitioner Vallance claims ineffective assistance of trial counsel and appellate counsel for failing to challenge his sentence on the methamphetamine laboratory

conviction, and denial of counsel at a critical stage of his jury trial.  The matter was referred to Magistrate Judge Paul Komives, who issued a 19-page Report and Recommendation on July 31, 2009 recommending that the court dismiss the petition.  Magistrate Judge Komives finds that petitioner was charged with operating a methamphetamine laboratory within 500 feet of a residence pursuant to M.C.L. § 333.7401c(1)(b) and M.C.L. § 333.7401c(2)(d), that the prosecution presented sufficient evidence to sustain the within-500-feet-of-a-residence element of the crime, and that the jury was properly instructed as to the necessary elements of the crime, and therefore petitioner was properly convicted and sentenced on the charge even though the verdict form contained only the description "POSSESSION OF A CHEMICAL OR LABORATORY EQUIPMENT TO BE USED FOR THE PURPOSE OF MANUFACTURING METHAMPHETAMINE" followed by lines for a "Not Guilty" or "Guilty" verdict.  According, Judge Komives finds that petitioner was not denied effective assistance of trial or appellate counsel when counsel failed to object to the jury verdict form.  Judge Komives also finds that petitioner was not denied counsel at the critical stage when the verdict was read because an associate of petitioner's counsel stood-in for the reading of the verdict, petitioner had by that time voluntarily absconded from his trial and thereby waived his own right to be present at the reading of the verdict, and any resulting error was harmless.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  See also Fed. R. Civ. P. 72(b).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  Petitioner has not filed timely objections.

The court has reviewed the Report and Recommendation and is in agreement with its reasoning. Accordingly,

IT IS ORDERED that the Magistrate Judge's July 31, 2009 Report and Recommendation is hereby ACCEPTED as the findings and conclusions of this court. Robert Vallance's § 2254 petition for a writ of habeas corpus is hereby DISMISSED.

### Certificate of Appealability

Before petitioner can appeal this court's decision, a certificate of appealability must issue. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Petitioner has made no such showing. Accordingly, a certificate of appealability is hereby DENIED.

SO ORDERED.

Dated: August 25, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 25, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk